No. 97.—E. MASSON, Administrator, *v.* W. B. MURRAY, D. R. CARROLL & Co., Intervenors.

A party seeking to give to an inundation the character of an extraordinary accident must show that it was unusual, unforeseen, and one to which the country was not ordinarily subjected. The privilege of the merchant for supplies furnished the planter is equal in rank with that of the lessor. 13 An. 443.

APPEAL from the District Court, parish of Natchitoches. *Lewis*, J. *William H. Jack*, for plaintiff and appellee. *H. Safford*, for intervenor and appellant.

HOWELL, J. Plaintiff brought suit against the defendant, Murray, for six bales of cotton, of five hundred pounds each, and two hundred bushels of corn, or their value, as the rent of a plantation in the parish of Natchitoches for the year 1866, and caused the crop to be sequestered. D. R. Carroll & Co. intervened claiming $1995 09, with interest, and privilege on the crop for supplies furnished to the plantation during the said year and averred that the rent should be reduced because the crop was reduced by the overflow of the Red river—a providential act. The defendant confessed judgment in favor of the intervenors and filed an answer to plaintiff's demand claiming a reduction of three bales of cotton and all the corn, in consequence of the overflow—an event beyond human control. Judgment was rendered in favor of plaintiff for the cotton and corn claimed, and maintaining the writ of sequestration, and in favor of the intervenors for $995 09, with privilege on such part of the crop as may be left after satisfying the lessor's claim, from which the intervenors have appealed.

There is no dispute about the facts, but the intervenors ask that the judgment be amended, in three respects, as follows :

*First*—As to the amount of their claim, which, it is admitted, should be for $1995 09, and legal interest from October 30, 1866. The error having occurred accidentally should be corrected.

*Second*—The reduction of the rent in proportion to the reduction of the crop.

This question was correctly settled in the case of Vinson v. Graves, 16 A. 162, adversely to the pretensions of the intervenors and defendant. It was there said: "If a party seeks to give an inundation the character of an extraordinary accident, within the provisions of article 2714 of Civil Code, he must show that it was unusual, unforeseen, and one to which the country was not ordinarily subjected. This has not been done.

*Third*—To recognize the privilege of the intervenors upon the crop as equal to that of the lessors. It has so been held in the cases of Cory v. Eddins, 13 A. 443 and Hollander v. His Creditors, 6 A. 669, where the article 3184 of the Civil Code, as amended by the act of 1843 was construed and applied.

The record does not enable us to make the apportionment, and the cause must be remanded for that purpose.

It is therefore ordered that the judgment appealed from be so amended as to increase the amount thereof in favor of intervenors and against the defendant to nineteen hundred and ninety-five dollars and nine cents, with legal interest from thirtieth October, 1866, and so as to grant them a privilege on the crop concurrently and proportionately with that given to the plaintiff as lessor; that as thus amended the judgment be affirmed, and the cause remanded to the lower court to make the apportionment of the crop or its proceeds between the plaintiff and intervenors in proportion to the amounts allowed them respectively by this amended judgment. Costs of appeal to be paid by the appellees.